TRANSFER TAX — ASSESSMENT — TRANSFER BY LIFE DONEE UNDER POWER OF
APPOINTMENT.

Under Laws 1897, c. 284, amending the transfer tax law, and providing
that "whenever any person or corporation shall exercise a power of ap-
pointment derived from any disposition of property made either before or
after the passage of this act, such appointment when made shall be deemed
a transfer taxable under the provisions of this act in the same manner as
though the property to which such appointment relates belonged abso-
lutely to the donee of such power and had been bequeathed or devised by
such donee by will," the tax on property transferred by the will of a
daughter, who was given a life interest therein by her father's will, with
power to dispose of the remainder, is to be assessed on the value of the
entire property transferred, and not on the value of the remainder as ap-
praised under the father's will.

In the matter of the appraisal of the property of John C. Tucker,
deceased, under the transfer tax act.

William W. Buckley, for executor petitioner.

E. G. Levy, for comptroller.

VARNUM, S. The decedent died in August, 1892, leaving a will
by which he gave a life interest in certain of his personalty to a
daughter, with power to dispose of the remainder therein. She
died in 1899, leaving a will by which she exercised the power in
favor of persons included in the 1 per cent. class, under the trans-
fer tax law. On the appraisal, made in 1893, after the death of the
grantor of the power, the principal of the fund passing to said
daughter was appraised at $22,981.32, her life estate therein at about
$22,000, and the remainder at $5,691. This remainder was not taxed,
as it could not then be determined to whom it would pass, or whether
it was subject to tax. A petition is now presented asking the court
to assess the tax on the transfer effected by the execution of said
power, on the basis of 1 per cent. of $5,691. This is not the proper
basis. Chapter 284 of the Laws of 1897, among other changes, added
a subdivision (No. 5) to section 220 of chapter 908 of the Laws of
1896. This subdivision provides, in part, as follows:

"Whenever any person or corporation shall exercise a power of appointment
derived from any disposition of property made either before or after the passage
of this act, such appointment when made shall be deemed a transfer taxable
under the provisions of this act in the same manner as though the property
to which such appointment relates belonged absolutely to the donee of such
power and had been bequeathed or devised by such donee by will."

Under this provision, it is clear that the tax on the transfer under
the power in question must be assessed on the value of the whole
property passing under it, and not merely on the value of the re-
mainder as heretofore appraised. If the value of the fund has been
affected since the appraisal in 1893, that fact should be established
by competent proof, and, if necessary, a new appraisal be made.
The present application is denied, without prejudice to a renewal
thereof on compliance with the practice suggested.

Application denied.